# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CAROLYN REESE** | * | **CIVIL NO.** |
| | * | **SECTION** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| **WALMART, INC. AND** | * | |
| **WAL-MART LOUISIANA, LLC** | * | **A JURY TRIAL IS DEMANDED** |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:  The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendants, **Walmart Inc.** and **Wal-Mart Louisiana, LLC** (hereinafter collectively referred to as "Walmart"), file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby remove this matter from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. Plaintiff filed her Petition for Damages on February 7, 2023, against Walmart. (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2. Walmart was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on February 22, 2023. (*See* Return Copy of Citation attached hereto marked for identification as Exhibit "B").

3. The suit seeks damages from Walmart for personal injuries and damages allegedly sustained by Plaintiff as a result of an incident that occurred at the Walmart Store

located at 1501 Manhattan Blvd., located in Harvey, Louisiana, on or about February 13, 2022.

4. Plaintiff's Petition for Damages is silent as to the amount in controversy.

5. In Paragraph 14 of Plaintiff's Petition for Damages, Plaintiff alleges typical non-exclusive elements of damage: past physical pain, suffering and discomfort; past mental anguish, aggravation, and annoyance; future physical pain, suffering, and discomfort; future mental anguish, aggravation, and annoyance; past medical expenses; future medical expenses; past lost wages; future lost wages; loss of enjoyment of life; disability from engaging in recreation; and all other damages that will be proven at the trial of this matter.

6. Based on the allegations and information contained in the Petition for Damages, this matter was not initially removable in light of the amount in controversy requirement 28 U.S.C. § 1332(a). Plaintiff's allegations concerning the amount of her damages were vague, and Plaintiff did not claim damages in excess of $75,000.

7. Walmart filed its Answer to Petition for Damages, Request for Notice, and Jury Order on March 16, 2023. (*See* Answer to Petition for Damages, Request for Notice and Jury Order, attached hereto and marked for identification *in globo* as Exhibit "C").

8. On May 22, 2023, Plaintiff sent a settlement demand to Walmart, along with a Dropbox link of medical records.

9. Plaintiff's settlement demand indicated that her medical expenses to date are $13,285.00.

10. In Plaintiff's settlement demand, she alleges that an MRI of her lumbar spine revealed herniations at multiple levels, including L3-L4, L4-L5, and L5-S1 (Walmart is not in receipt of the MRI revealing lumbar disc herniations).

11. Attached to Plaintiff's settlement demand were medical records, which included an MRI of her right shoulder taken on September 21, 2022. The right shoulder MRI revealed a supraspinatus tendon tear and an infraspinatus partial moderate grade service tear (torn rotator cuff). There was also a subcapularis tendinosis surface tear. Also, there was a superior, anterior, posterior glenoid labral tear. Finally, there was a proximal biceps tendon tear/rupture.

12. Based on the records attached to Plaintiff's settlement demand, Plaintiff has actively treated for these injuries at La Health Solutions from August 2022 through May 2023, and per the settlement demand, Plaintiff is still treating for the injuries. Notably, the records show that much of Plaintiff's treatment at La. Health Solutions included visits with an orthopedic surgeon.

13. With respect to the amount in controversy requirement, Walmart's removal is based on (1) the multiple herniated discs in Plaintiff's lumbar spine; (2) the abnormal right shoulder MRI results revealing multiple tears and ruptures; (3) the long duration of treatment, including with an orthopedic surgeon, which is still ongoing; and (4) Plaintiff' total medical specials to date of $13,285.00.

14. Accordingly, due to Plaintiff's lumbar conditions, right shoulder/arm conditions, and prolonged and ongoing treatment, it is likely that the amount in controversy will exceed $75,000.00.

15. Because Walmart contends that the amount in controversy likely exceeds $75,000, Walmart files this removal.

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

16. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."

A. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

17. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition." *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

18. Plaintiff's alleges in her settlement demand that her past medical specials total $13,285.00.

19. In Louisiana, trial courts regularly award general damages in excess of $75,000 for the ailments and treatments for Plaintiff's spine described in Plaintiff's settlement demand. *See Oliver v. Sullivan,* 2012-09476 (Civil District Court 08/15/13) (awarding $80,000 in general damages for cervical disc herniation and lumbar disc bulge suffered during a motor vehicle accident, treated with conservative care); *Barnes v. Lookin' Good Treeman Services LLC, 769-609 (24th JDC 03/20/19*) (awarding $110,000 in general damages for cervical disc herniation, lumbar disc bulge, and unspecified soft tissue

injuries suffered during motor vehicle accident, treated with chiropractic care conservative care); *Evans v. Lobdell Wrecking Service,* 657,648 (19th JDC 12/03/18), (awarding $108,133 in general damages for lumbar disc bulge and cervical disc bulge treated with physical therapy and conservative care)*; see also Davis v. GEICO, 2016-9540 (*Civil District Court 01/31/18) (awarding $75,000 in general damages for cervical disc herniation and lumbar disc bulge suffered during a motor vehicle accident, treated conservatively).

20. In addition, trial courts regularly award general damages in excess of $25,000.00 for the ailments and treatments for Plaintiff's right shoulder/arm described in Plaintiff's settlement demand and medical records. *See, e.g., Walker v. Koenig*, 759, 199 (24th Judicial District Court 20106/28/19) (awarding a plaintiff $35,530.00 in general damages for a torn labrum requiring conservative treatment); *Thigpen v. Hollon*, 639, 357 (19th JDC 04/15/2019) (awarding a plaintiff $35,000.00 in general damages for a torn rotator cuff and bicep tendon requiring conservative treatment). *Johnson v. Brookshire Grocery Co.*, 09-612 (La. App. 3 Cir. 12/09/09) (awarding a plaintiff $25,000.00 in general damages for a torn rotator cuff).

21. Finally, Plaintiff's Petition for Damages does not offer a binding stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006).

22. While Walmart admits no liability nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($75,000), exclusive of interest and costs.

B. **COMPLETE DIVERSITY EXISTS.**

23. Defendant, Walmart Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

24. Wal-Mart Louisiana, LLC, is a Delaware limited liability company. The principal place of business is Bentonville, Arkansas. The sole member of Wal-Mart Louisiana, LLC is Wal-Mart Stores East, LP. Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner. Both WSE Management, LLC and WSE Investment, LLC are Delaware limited liability companies and with principal places of business in Arkansas. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is an Arkansas limited liability company with its principal place of business in Arkansas. The sole member of Wal-Mart Stores East, LLC is Walmart Inc. Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas which is a publicly held company. No publicly traded entities hold 10% or more of the outstanding shares of Walmart Inc.

25. Plaintiff is a resident of and domiciled in Orleans Parish, State of Louisiana. (*See* Exhibit A, Petition for Damages).

26. Accordingly, there is complete diversity of citizenship between the Plaintiff and all named Defendants.

27. This matter is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the medical records

and bills, exceeds SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000), exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II.  WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.\

28. The Petition for Damages was filed on February 7, 2023.

29. Plaintiff's Petition for Damages is silent as to the value of Plaintiff's damages and/or the amount in controversy.

30. This Notice of Removal is timely as it is filed within one year from the filing of the first pleading in state court.

31. Further, this notice of removal is timely under 28 U.S.C. § 1446(b)(3) because it is being filed within 30 days of service of "other paper" from which it was ascertained that the case is one of which that can be removable.  Specifically, this Removal is timely as it is filed within thirty (30) days of service of Plaintiff's settlement demand and production of her medical bills and records, which were received on May 22, 2023.

32. As stated above, Plaintiff's settlement demand, medical records, and bills show that (1) she has multiple herniated discs in her lumbar spine; (2) she has multiple tears and ruptures in her right arm/shoulder; (3) she has treated for an extended period of time, including with an orthopedic surgeon, which is still ongoing; and (4) her total medical specials to date of $13,285.00—all of which are allegedly related to the Walmart incident.

33. Accordingly, though Plaintiff's Petition for Damages is silent as to the value of Plaintiff's damages and/or the amount in controversy, "other paper" received on May

22,2 023, shows that the amount in controversy here likely exceeds the sum or value of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000).

34. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($75,000), exclusive of interest and costs, and is between citizens of different States.

35. The 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

36. No previous application has been made by Walmart in this case for the relief requested herein.

37. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, and all attached exhibits, are being served upon counsel for Plaintiff, and a copy is being filed with the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

38. Walmart desires and is entitled to a trial by jury of all issues herein.

WHEREFORE, Defendants, Walmart, Inc. and Wal-Mart Louisiana, LLC, hereby remove this action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*/s/ Christopher James-Lomax*
**ISIDRO RENÉ DEROJAS (#18182)**
**CHRISTOPHER JAMES-LOMAX (#37174)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
E-Mail: ird@mcsalaw.com
  cjl@mcsalaw.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system this 19TH day of June, 2023.

*/s/ Christopher James-Lomax*