# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROLYN REESE,** **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2113** |
| **WALMART, INC., et al.,** **Defendants** | **SECTION: "E"(1)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiff Carolyn Reese ("Plaintiff") on July 19, 2023.[1] For the reasons that follow, the motion is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an alleged slip-and-fall incident at a Walmart store located on Manhattan Boulevard in Harvey, Louisiana.[2] According to the Plaintiff, on February 13, 2022, she entered the Walmart store and slipped on a puddle of water near a flower display at the front of the store.[3] Plaintiff alleges, as a result, she suffered "serious injuries, including injuries to her back, hip, and knees."[4]

On February 7, 2023, Plaintiff filed suit in the 24th Judicial District for the Parish of Jefferson, against Walmart, Inc. and Wal-Mart Louisiana, LLC (hereinafter collectively referred to as "Walmart"), the owner/operators of the Walmart store where the incident occurred.[5] Walmart was served with the lawsuit on February 22, 2023.[6] On May 22, 2023 Plaintiff sent a settlement demand to Walmart, along with Plaintiff's medical records and

---

[1] R. Doc. 7.
[2] R. Doc. 1-1 at ¶ 5-6.
[3] *Id.* at ¶ 5.
[4] *Id.* at ¶ 10.
[5] R. Doc. 1.
[6] R. Doc. 1-2.

1

medical expenses to date.[7] On June 20, 2023, Walmart removed the action to federal court on the jurisdictional basis of diversity of citizenship.[8] Plaintiff then filed a motion to remand to state court on July 19, 2023, arguing Walmart failed to carry its burden to demonstrate the amount in controversy exceeds $75,000.[9] Walmart filed an opposition to the motion on August 4, 2023.[10] Plaintiff filed a reply to the opposition on August 17, 2023.[11]

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action from state court to federal court if the federal court would have original jurisdiction over the action. Defendants invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), which gives the Court original jurisdiction when the plaintiffs and defendants are completely diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiff is a citizen of Louisiana[12] and Defendants are citizens of Delaware and Arkansas.[13] Thus, the parties are completely diverse and the only issue on this Motion to Remand is whether the amount in controversy exceeds $75,000.

In Louisiana state courts, plaintiffs are prohibited from pleading the specific amount of damages sought.[14] Therefore, the removing defendant must prove the

---

[7] R. Doc. 1 at ¶ 8-14.
[8] R. Doc. 1.
[9] R. Doc. 7. Plaintiff did not raise the issue of timeliness in her Motion to Remand, but it should nevertheless be noted Defendants' Notice of Removal was timely. Under 28 U.S.C. § 1446(b)(3), the 30-day removal window begins to run "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In this case, Defendants received the settlement demand and related medical records, which provided the first basis for removability on May 22, 2023. Thus, the 30-day removal window began running on May 22, 2023. Since Defendants filed their Notice of Removal within 30 days of May 22, on June 20, 2023, removal was timely.
[10] R. Doc. 10.
[11] R. Doc. 13.
[12] R. Doc. 1 at ¶ 25.
[13] R. Doc. 1 at 23-24.
[14] La. Code. Civ. Proc. art. 893.

amount in controversy exceeds $75,000 by a preponderance of the evidence.[15] The defendant may prove this amount if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."[16]

## **LAW AND ANALYSIS**

Defendants do not contend the amount in controversy is facially apparent from Plaintiff's petition.[17] Instead, Defendants present summary judgment type evidence they say shows the amount in controversy will more likely than not exceed $75,000 by providing summary judgment type evidence.[18] The Court agrees.

First, Defendants point to Plaintiff's settlement demand in which she states her past medical specials, as of May 22, 2023, totaled $13, 285.[19]

Next, Defendants provided evidence of the MRI of Plaintiff's lumbar spine, which revealed multiple herniations.[20] Defendants cite multiple awards of greater than $75,000 from trial courts in this state for spinal injuries that included herniations treated with conservative care.[21] The Court finds the cases cited by Defendants provide a sufficient

---

[15] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).
[16] *Louque v. Allstate Ins. Co.*, 314 F.3d 776 (5th Cir. 2002) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir.2002)).
[17] R. Doc. 1 at ¶ 4-6.
[18] R. Doc. 1 at ¶ 17-22; see also R. Doc. 10-2 and 10-3.
[19] R. Doc. 10-3 at 1.
[20] R. Doc. 10-3 at 2; *see also* R. Doc. 1 at ¶ 10.
[21] R. Doc. 1 at ¶ 19, citing *Oliver v. Sullivan*, 2012-09476 (Civil District Court 08/15/13) (awarding $80,000 in general damages for cervical disc herniation and lumbar disc bulge suffered during a motor vehicle accident, treated with conservative care); *Barnes v. Lookin' Good Treeman Services, LLC*, 769-609 (24th JDC 03/20/19) (awarding $110,000 in general damages for cervical disc herniation, lumbar disc bulge, and unspecified soft tissue injuries suffered during motor vehicle accident, treated with chiropractic conservative care); *Evans v. Lobdell Wrecking Service*, 657-648 (19th JDC 12/03/18) (awarding $108,133 in general damages for lumbar disc bulge and cervical disc bulge treated with physical therapy and conservative care); and *Davis v. GEICO*, 2016-9540 (Civil District Court 01/31/18) (awarding $75,000 in

3

basis to determine that damages for spinal injuries similar to those alleged by Plaintiff, even those requiring only "conservative treatment," more likely than not involve damages totaling over $75,000 on their own.

Defendants next present evidence of an MRI of Plaintiff's right shoulder showing a supraspinatus tendon tear, an infraspinatus partial moderate grade service tear (torn rotator cuff), a subscapularis tendinosis surface tear, a superior, anterior, posterior glenoid labral tear, and a proximal biceps tendon tear.[22] Defendants cite multiple awards of greater than $25,000 from trial courts in this state for injuries and treatments related to similar shoulder/arm injuries.[23] Plaintiff claims her treating physician released her from care for her shoulder after she completed physical therapy and has no future treatment planned for this injury.[24] Yet, Plaintiff's discussion of her shoulder treatment includes only information regarding the torn rotator cuff, not the additional tears identified in her MRI.[25]

Defendants also provide Plaintiff's medical records, showing Plaintiff's treatment for her injuries at La. Health Solutions, which included visits with an orthopedic surgeon.[26] The most recent medical records, from May 9, 2023, indicate Plaintiff had orders to continue physical therapy for her shoulder and back injuries, and to follow up with an orthopedic spine surgeon regarding her back pain.[27] Moreover, Plaintiff's

---

general damages for cervical disc herniation and lumbar disc bulge suffered during a motor vehicle accident, treated conservatively).
[22] R. Doc. 10-3 at 2; R. Doc. 10-2 at 6-9; R. Doc. 1 at ¶ 11.
[23] R. Doc. 1 at ¶ 20, citing *Walker v. Koenig*, 759-199 (24th Judicial District Court 20106/28/19) (awarding a plaintiff $35,530 in general damages for a torn labrum requiring conservative treatment); *Thigpen v. Hollon*, 639-357 (19th JDC 04/15/2019) (awarding a plaintiff $35,000 in general damages for a torn rotator cuff and bicep tendon requiring conservative treatment); *Johnson v. Brookshire Grocery Co.*, 09-612 (La. App. 3 Cir. 12/09/09) (awarding a plaintiff $25,000 in general damages for a torn rotator cuff).
[24] R. Doc. 7-1 at 5.
[25] R. Doc. 10 at 5, R. Doc. 7-1 at 4.
[26] *See e.g.*, R. Doc. 10-2 at 99-100.
[27] R. Doc. 10-2 at 160, 162.

statements in her settlement demand indicate she continues to have daily back pain and to treat her injuries.[28] The Court finds the evidence of Plaintiff's extensive and ongoing treatment, including visits with an orthopedic surgeon, indicate Plaintiff's total medical expenses are likely to increase well beyond the past totals of $13, 285.

Defendants argue all the foregoing evidence of Plaintiff's injuries should be considered collectively to determine the amount in controversy.[29] The Court agrees. A showing of multiple spinal herniations, along with multiple shoulder tears, combined with $13,285 in past medical specials, and records of Plaintiff's extensive and ongoing treatment provide sufficient evidence to determine it is more likely than not the amount in controversy will exceed $75,000. As such, the Court finds Defendants have met their burden of proving the requisite amount in controversy by a preponderance of the evidence to support diversity jurisdiction under 28 U.S.C. § 1332(a).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion to remand is **DENIED**.

**New Orleans, Louisiana, this 5th day of September, 2023.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[28] R. Doc. 10-3 at 2.
[29] R. Doc. 10 at 5.